## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

MARISOL SILVA,

    Plaintiff,

v.

CAPIO PARTNERS, LLC, a Texas limited liability company,

    Defendant.

## COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Marisol Silva is a natural person.

8. The Plaintiff resides in the City of Aurora, County of Arapahoe, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Capio Partners, LLC is a Texas limited liability company operating from an address at 2250 Satellite Boulevard, Duluth, Georgia, 30097.

12. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2014 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal medical account owed to Jersey Shore University Medical Center (hereinafter referred to as "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Jersey Shore University Medical Center.

21. After the Account went into default with it was placed or otherwise transferred to the Defendant for collection, Defendant's account number 9905088.

22. The Defendant alleges that it purchased the Account after it went into default with Jersey Shore University Medical Center.

23. The Plaintiff disputes the Account.

24. The Plaintiff requests that the Defendant cease all further communication on the Account.

25. The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

26. The Defendant acted at all times mentioned herein through its employee(s) and/or agent(s) including Avante USA, LTD.

27. On or about 2013 the Defendant placed the Account with Avante USA, LTD, 2950 S. Gessner, Suite 265, Houston, Texas, 77063, for collection from the Plaintiff.

28. In the year prior to the filing of the instant action the Plaintiff and the Defendant via its agent(s) including Avante USA, LTD had telephone conversation(s) regarding the Account.

29. The Defendant's purpose for these telephone conversation(s) was to attempt to collect the Account.

30. The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

31. The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

32. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant, including Avante USA, LTD, had telephone conversation(s) with the Plaintiff in connection with the collection of the Account.

33. In September 2013 the Plaintiff had a telephone conversation regarding the Account with the Defendant via its agent, Avante USA, LTD.

34. During telephone conversation(s) in September 2013 between the Plaintiff and the Defendant via its agent, Avante USA, LTD regarding the Account the Plaintiff disputed the Account.

35. During telephone conversation(s) in September 2013 between the Plaintiff and the Defendant via its agent, Avante USA, LTD regarding the Account the Plaintiff disputed the Account with the Defendant.

36. During telephone conversation(s) in September 2013 between the Plaintiff and the Defendant via its agent, Avante USA, LTD regarding the Account the Plaintiff informed the Defendant that that Account is disputed.

37. During telephone conversation(s) in September 2013 between the Plaintiff and the Defendant via its agent, Avante USA, LTD regarding the Account the Plaintiff notified the Defendant that that Account is disputed.

38. The Defendant's agent – Avante USA, LTD notified the Defendant that the Account was disputed in September 2013.

39. The Defendant's agent – Avante USA, LTD informed the Defendant that the Account was disputed in September 2013.

40. The Defendant was aware that the Account was disputed in September 2013.

41. The Defendant had knowledge that the Account was disputed in September 2013.

42. After September 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, a credit reporting agency.

43. After September 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian the Defendant did not communicate to Experian that the Account is disputed.

44. The information communicated to Experian by the Defendant after September 2013 regarding the Account conveyed information regarding the Account directly or indirectly to Experian.

45. The information communicated to Experian by the Defendant after September 2013 regarding the Account constituted a "communication" as defined by FDCPA § 1692a(2).

46. The Defendant communicated the information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, after September 2013 to Experian in connection with the collection of the Account.

47. After September 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax, a credit reporting agency.

48. After September 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax the Defendant did not communicate to Equifax that the Account is disputed.

49. The information communicated to Equifax by the Defendant after September 2013 regarding the Account conveyed information regarding the Account directly or indirectly to Equifax.

50. The information communicated to Equifax by the Defendant after September 2013 regarding the Account constituted a "communication" as defined by FDCPA § 1692a(2).

51. The Defendant communicated the information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, after September 2013 to Equifax in connection with the collection of the Account.

52. After September 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion, a credit reporting agency.

53. After September 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the

balance due on the Account, to Transunion the Defendant did not communicate to Transunion that the Account is disputed.

54. The information communicated to Transunion by the Defendant after September 2013 regarding the Account conveyed information regarding the Account directly or indirectly to Transunion.

55. The information communicated to Transunion by the Defendant after September 2013 regarding the Account constituted a "communication" as defined by FDCPA § 1692a(2).

56. The Defendant communicated the information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, after September 2013 to Transunion in connection with the collection of the Account.

57. During the telephone conversation(s) in the year prior to the filing of the instant action between the Defendant via its agent, Avante USA, LTD and the Plaintiff regarding the Account the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant while attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account off of the credit bureau reports and that the Account will stay on the credit bureau reports until it is paid.

58. The Defendant via its agent, Avante USA, LTD's representations stated in paragraph 57 were false and were false representations in connection with the collection of a debt, the Account.

59. Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian.

60. Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Equifax.

61. Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Transunion.

62. Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

63. Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

64. Upon information and belief in 2013 and 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

65. Upon information and belief in 2013 and 2014 the Defendant reported information to Experian on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

66. Upon information and belief in 2013 and 2014 the Defendant reported information to Equifax on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

67. Upon information and belief in 2013 and 2014 the Defendant reported information to Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

68. The telephone conversation(s) in September 2013 between the Plaintiff and the Defendant via its agent, Avante USA, LTD regarding the Account conveyed information regarding the Account directly or indirectly to the Plaintiff.

69. The telephone conversation(s) in September 2013 between the Plaintiff and the Defendant via its agent, Avante USA, LTD regarding the Account each constituted a "communication" as defined by FDCPA § 1692a(2).

70. On information and belief the Defendant made an audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account in September 2013.

71. On information and belief the Defendant has a copy and/or copies of its audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account in September 2013.

72. Upon information and belief the Defendant via its agent, Avante USA, LTD, kept written documentation and / or computer record(s) that document telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

73. Upon information and belief the Defendant via its agent, Avante USA, LTD, made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

74. Upon information and belief the Defendant via its agent, Avante USA, LTD, made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

75. Upon information and belief the Defendant via its agent, Avante USA, LTD, has a copy or copies of the audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

76. Upon information and belief the Defendant via its agent, Avante USA, LTD, has a copy or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

77. Upon information and belief in the time between when it received this Complaint and Jury Demand and when a Answer to this Complaint and Jury Demand was filed on its behalf with the Court the Defendant via its agent, Avante USA, LTD, made an inquiry and/or investigation as to whether it had any audio recording(s) of any telephone conversation(s) between the Defendant and the Plaintiff.

78. Upon information and belief the Defendant via its agent, Avante USA, LTD, sent copy(s) of any audio recording(s) that it had of telephone conversation(s) between the Defendant and the Plaintiff to the attorney and/or the law firm who employs the attorney who is filing the Answer to this Complaint and Jury Demand on behalf of the Defendant.

79. Upon information and belief the Defendant's and its agent's Avante USA, LTD's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff

      in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

80. The Defendant did not communicate to Experian that the Account is disputed on or before September 17, 2014.

81. The Defendant did not communicate to Equifax that the Account is disputed on or before September 17, 2014.

82. The Defendant did not communicate to Transunion that the Account is disputed on or before September 17, 2014.

83. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and/or action(s) and/or omission(s) constitute false and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

84. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

85. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

86. The FDCPA is a remedial statute, it should be construed liberally in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

87. As a consequence of the Defendant's collection activities and

communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## **RESPONDEAT SUPERIOR**

88. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

89. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

90. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

91. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

92. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

93. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

94. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

95. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## **COUNT I, FDCPA VIOLATION**

96. The previous paragraphs are incorporated into this Count as if set forth in full.

97. The statement(s) and/or act(s) and/or omission(s) of the Defendant and/or its

  representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

98. Pursuant to FDCPA section 1692k the Plaintiff seeks damages, costs and reasonable attorney's fees.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.
2. Damages pursuant to 15 U.S.C. § 1692k(a).
3. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).
4. Costs pursuant to 15 U.S.C. § 1692k(a)(3).
5. Post Judgment Interest.

        Respectfully submitted,

        _s/ David M. Larson_____
        David M. Larson, Esq.
        88 Inverness Circle East, Suite E-102
        Englewood, CO 80112
        (303) 799-6895
        Attorney for the Plaintiff